[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12989
Non-Argument Calendar

_____

D. C. Docket No. 06-20271-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERODINE MARTINE PLUVIOSE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 17, 2008)**

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Herodine Pluviose appeals her convictions for conspiracy to import cocaine,

importation of cocaine, conspiracy to possess with intent to distribute cocaine, and possession with intent to distribute cocaine, in violation of, respectively, 21 U.S.C. §§ 963, 952(a), 846, and 841(b)(1)(A). On appeal, she argues first that the district court abused its discretion by denying her motion for a mistrial based on an inappropriate comment by a government witness. She argues that the witness' statement, that a defendant might cooperate with law enforcement in order to receive a sentence reduction if she were "found guilty or pled guilty," devastated her presumption of innocence. She maintains that this inappropriate statement could not be cured by any instruction to the jury. Pluviose argues second that the district court erred when it instructed the jury on deliberate ignorance. She contends that the instruction was improper because there was no evidence that she consciously or deliberately avoided learning that she was carrying illegal drugs.

I.

We review the denial of a motion for a mistrial for an abuse of discretion. United States v. Newsome, 475 F.3d 1221, 1227 (11th Cir.), cert. denied, 128 S.Ct. 218 (2007). Because a trial judge is in the "best position to evaluate the prejudicial effect of a statement of evidence on the jury," it is within that judge's discretion to grant a mistrial. United States v. Delgado, 321 F.3d 1338, 1346-47 (11th Cir. 2003)(internal quotations and citations omitted).

2

"A mistrial should be granted if the defendant's substantial rights are prejudicially affected. This occurs when there is a reasonable probability that, but for the [incident that led to the motion], the outcome of the trial would have been different." Newsome, 475 F.3d at 1227.  We "make[] this determination in the context of the entire trial and in light of any curative instruction." United States v. Wilson, 149 F.3d 1298, 1301 (11th Cir. 1998) (quotation marks omitted).  If the district court gave an instruction, we will not reverse the denial of a mistrial unless the prejudice was "incurable." Delgado, 321 F.3d at 1347.  "Furthermore, when the record contains sufficient independent evidence of guilt, any error [is] harmless." Newsome, 475 F.3d at 1227.  With respect to inappropriate comments made by testifying witnesses, we have held that "[t]he voicing of potentially prejudicial remarks by a witness is common, and any prejudice is generally cured efficiently by cautionary instructions from the bench." United States v. Evers, 569 F.2d 876, 879 (5th Cir. 1978).  We also have stated that we assume that juries follow the instructions of the trial judge. United States v. Kennard, 472 F.3d 851, 858 (11th Cir. 2006) cert. denied,127 S.Ct. 3004 (2007).

Upon review of the record and consideration of the briefs of the parties, we discern no reversible error.  Here, Pluviose has failed to show that she suffered substantial prejudice as a result of the district court's denial of her motion for a

mistrial, and there was sufficient independent evidence of her guilt to render harmless any error that may have occurred in this regard.

                                    II.

We review a challenge to the substance of jury instructions de novo. United States v. Stone, 9 F.3d 934, 937 (11th Cir. 1993). A deliberate ignorance instruction "is appropriate only when there is evidence in the record showing the defendant purposely contrived to avoid learning the truth." Id. (internal quotations and citation omitted). Such an instruction is not appropriate where the evidence only points to either actual knowledge or no knowledge on the part of the defendant. Id. The district court's decision to give an instruction regarding deliberate ignorance is subject to harmless-error analysis. Id. Here, because evidence was presented that supported a deliberate ignorance charge, the district court did not err in so instructing the jury, and, even if the charge was erroneous, it was harmless error because the evidence presented was sufficient to support a conviction based on actual knowledge. Accordingly, we affirm Pluviose's convictions.

**AFFIRMED.**